**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 18, 2011, which may be different from its entry on the record.**

**IT IS SO ORDERED.**



**Dated: March 18, 2011**

_____
**Arthur I. Harris
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 09-17840 |
| PAUL BUSSERT and | ) | |
| PATRICIA BUSSERT, | ) | Chapter 7 |
|     Debtors. | ) | |
| _____ | ) | |
| | ) | Adversary Proceeding |
| PAUL BUSSERT and | ) | No. 10-1198 |
| PATRICIA BUSSERT, | ) | |
|     Plaintiffs, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| INTERNATIONAL GRANITE & | ) | |
| MARBLE CORPORATION, | ) | |
| *et al.*, | ) | |
|     Defendants. | ) | |

MEMORANDUM OF OPINION[1]

    In this adversary proceeding, the debtors seek damages as a result of alleged

violations of the discharge injunction. The debtors assert that the defendants

---

[1] This opinion is not intended for official publication.

violated the discharge injunction by serving the debtors with subpoenas for use in an investigation into debtor-husband's business and by registering a foreign judgment on a discharged debt. This case is currently before the Court on the motion for summary judgment filed by three of the five defendants, Finley & Co., LPA, Matthew Thomas, and Patrick Higgins. For the reasons that follow, their motion for summary judgment is granted. Their request for Rule 9011 sanctions contained in the same motion is denied for failure to comply with the procedures for presenting such a motion under Rule 9011(c).

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise noted, the following facts are undisputed.

*The Bankruptcy Case*

On August 21, 2009, the debtors, Paul and Patricia Bussert, (hereinafter "debtors") filed a petition under Chapter 7 of the Bankruptcy Code. The debtors listed in their schedules a debt owed to Banc of America Leasing in

2

the amount of $39,000. The debtors also scheduled two debts owed to International Granite & Marble. One of those debts was provided for notice purposes only in the amount of $0.00, and the other was a business debt in the amount of $4,346.89. The schedules also listed Granite Fabricators, Inc., the debtor-husband's corporation, as a co-obligor on the debt owed to International Granite & Marble. On December 3, 2009, the debtors received their Chapter 7 discharge. On December 20, 2009, International Granite & Marble filed a proof of claim for goods sold and services performed in the amount of $4,346.98.

On June 7, 2010, the debtors filed an adversary complaint for violation of the discharge injunction against International Granite & Marble Corporation, Banc of America Leasing & Capital, LLC, Finley & Co., LPA., Matthew Thomas, and Patrick Higgins. Defendants Finley & Co., LPA., Patrick Higgins, and Matthew Thomas (hereinafter "the law firm") filed a joint answer on July 22, 2010. International Granite & Marble (hereinafter "International Granite") filed an answer and counterclaim seeking revocation of the debtors' discharge; however, neither the debtors nor International Granite moved for summary judgment.

*Actions by Banc of America Leasing*

On May 11, 2010, Banc of America Leasing, through the law firm, registered a foreign judgment with the Cuyahoga County Court of Common Pleas

3

in Case number CV 10 726338. Banc of America Leasing admitted to retaining the law firm to register a foreign judgment against Granite Fabricators, Inc., and the debtor-husband but denied concurrent knowledge of the Chapter 7 filing. (Docket #8). On October 1, 2010, the debtors filed a notice of stipulated dismissal of Banc of America Leasing with prejudice, but did not dismiss the law firm.

*Actions by International Granite*

On June 10, 2009, before the debtors filed the Chapter 7 bankruptcy case, David Finley, as attorney for International Granite, filed a complaint in Cleveland Municipal Court against the debtor-husband and Granite Fabricators, Inc. *See International Granite & Marble Corp. v. Granite Fabricators, Inc.*, 2009 CVF 012415. On April 14, 2010, the debtor-husband was voluntarily dismissed from the municipal court case. The debtor-husband received notice of the voluntary dismissal and notice of a request that the municipal court case be placed back on the active docket with Granite Fabricators, Inc., as the only defendant. (Docket #33). On April 29, 2010, the law firm issued a subpoena on behalf of International Granite to the debtor-husband that provided in pertinent part:

> You are hereby commanded to appear before me. . . .
>
> on  Thursday , the  20th  day of  May , A.D. 2010, at  2:00  p.m. and then and there to give evidence and truth to say in the following entitled action pending in the  Cleveland Municipal Court, Cuyahoga County, Ohio   entitled  International Granite & Marble Corp. vs. Granite Fabricators, Inc. and Paul Bussert  bearing case No.  2009 CVF 012415   in said Court.
>
> You are further commanded to bring with you the following, to wit:
>
> 1. A copy of the set-up documents, corporate resolutions, signature card(s) and tax I.D. # for any and all accounts, including account #657120242, held in the name of defendant Paul Bussert.
>
> 2. Copies of the last six (6) months statements for the above account; copies of the last ten (10) checks (front & back) to clear said account; and copies of the last ten (10) items deposited into said account.

(Docket #33, Exhibit 1).

On May 3, 2010, the debtor-wife received a similar notice that her personal bank account records were being subpoenaed by International Granite. On November 11, 2010, the municipal court entered default judgment in favor of International Granite and against Granite Fabricators, Inc., in the amount of $4,346.89. *See International Granite & Marble Corp., v. Granite Fabricators, Inc.,* 2009 CVF 012415.

On November 18, 2010, the law firm filed a motion for summary judgment

in this case asserting that 1) the debtors failed to properly plead violation of discharge injunction, 2) the debtors' settlement of their claim against Banc of America Leasing rendered the same claim against the law firm moot, and 3) the law firm did not violate the discharge injunction when it inquired into the bank accounts of the debtors to determine if any postpetition fraudulent transfers had been made to the debtors from Granite Fabricators, Inc.  On December 10, 2010, the debtors responded, and on December 16, 2010, the law firm filed a reply brief.  Briefing on the law firm's motion for summary judgment is complete, and the Court is ready to rule.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c),[2] as made applicable to bankruptcy proceedings by Bankruptcy Rule 7056, provides that a court shall render summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

---

[2] Rule 56 of the Federal Rules of Civil Procedure underwent significant revisions effective December 1, 2010.  Although the standard for granting summary judgment remains unchanged, the revised Rule 56 adopts many new procedures for presenting and responding to summary judgment motions.  *See* Advisory Committee Note to 2010 amendments.  The revised rule applies to all proceedings commenced on or after December 1, 2010, and, insofar as just and practicable, to all proceedings then pending.  Since the summary judgment briefing in this case began before the effective date of the revisions to Rule 56, the Court will apply the version of Rule 56 in effect before December 1, 2010.

moving party is entitled to judgment as a matter of law.

The moving party bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party meets that burden, the nonmoving party "must identify specific facts supported by affidavits, or by depositions, answers to interrogatories, and admissions on file that show there is a genuine issue for trial." *Hall v. Tollett*, 128 F.3d 418, 422 (6th Cir. 1997). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."). The Court shall view all evidence in a light most favorable to the nonmoving party when determining the existence or nonexistence of a material fact. *See Tenn. Dep't of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

## DISCUSSION

Bankruptcy courts may grant a party injunctive relief pursuant to 11 U.S.C. § 105(a) which provides, in pertinent part, that a "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of

[the Bankruptcy Code]."

Debtors who have been granted a discharge pursuant to 11 U.S.C. § 727 receive the injunctive protection of 11 U.S.C. § 524(a)(2), which provides in pertinent part:

> (a) A discharge in a case under this title –
> . . . .
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived. . . .

A debtor may bring civil contempt charges against a party violating the discharge injunction of § 524. *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 422-23 (6th Cir. 2000); *Lover v. Rossman & Co.* (*In re Lover*), 337 B.R. 633 (Bankr. N.D. Ohio 2005). "If contempt is established, the injured party may be able to recover damages as a sanction for the contempt." *In re Caravona*, 347 B.R. 259, 267 (Bankr. N.D. Ohio 2006) (*citing Chambers v. Greenpoint Credit* (*In re Chambers*), 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005)). This Court construes the debtors' complaint as one seeking damages for civil contempt, based on a claim that the defendants violated the discharge injunction imposed by 11 U.S.C. § 524. *See In re Johnson*, 439 B.R. 416, 419-20 (Bankr. E.D. Mich. 2010) (motion for damages from creditor for violation of stays construed as one seeking damages for

civil contempt and not a private cause of action). To the extent that the debtors' request for damages for civil contempt for violating the discharge injunction is a contested matter that should have been brought by motion under Rule 9014 instead of through an adversary proceeding under Rule 7001, any such error is harmless. Accordingly, the debtors properly pled a violation of the discharge injunction.

Although the debtors are protected by the discharge injunction, § 524(e) provides that the discharge injunction does not apply to nondebtors:

> (e) Except as provided in subsection (a)(3) of this section, discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt.

This Court must now determine whether the law firm violated the discharge injunction by issuing the subpoena and/or by registering the foreign judgment.

*Subpoena of Debtors' Bank Records*

This Court holds that there is no genuine issue of material fact that the actions taken to subpoena the debtors' bank records were not an effort to collect or recover a prepetition debt of the debtors. In the debtors' schedules, Granite Fabricators, Inc., is listed as a co-obligor on the debt owed to International Granite. The parties agree that Granite Fabricators, Inc., has never been in bankruptcy and that its debts have never been discharged. The law firm asserts that the subpoenas were issued in order to locate funds of Granite Fabricators, Inc., that could be used

9

to satisfy debts and to collect information to ascertain whether postpetition fraudulent transfers were made.  These assertions are substantiated by the notice of dismissal of the debtor-husband in the municipal court case, the citation to the municipal court case in the actual subpoena (Docket #33, Exhibit 1), and the affidavit of Attorney Patrick M. Higgins (Docket #20 Exhibit B).  The debtors have provided no evidence contrary to these assertions besides the vague statement that the law firm was attempting to collect a discharged debt.

Thus, the law firm either subpoenaed the debtors in an effort to discover information to aid in recovery of a past debt from a nondebtor third party, Granite Fabricators, Inc., or in an effort to determine if any *postpetition* fraudulent transfers had been made to the debtors from Granite Fabricators, Inc.  Neither of these scenarios is a violation of the discharge injunction.  *See Groner v. Miller (In re Miller)*, 262 B.R. 499 (9th Cir. BAP 2001) (contempt proceedings against a debtor for failure to answer subpoena requesting information about nondebtor co-defendant not a violation of the automatic stay); *In re Barlas*, No. 05-06861, 2006 WL 1452806, (Bankr. N.D. Iowa 2006) (following *Miller* in finding that discovery of information to investigate a case against nondebtor is permissible, even where the information could later be used against the debtor); *In re Vance and Co.*, 289 B.R. 692 (Bankr. C.D. Ill. 2003) (subpoena intended to identify

potentially liable third parties is not action "against the debtor," while subpoena intended to uncover prepetition transfer of assets by the debtor is a violation of discharge injunction); *see also Advanced Ribbons and Office Products, Inc., v. U.S. Interstate Distributing, Inc., (In re Advanced Ribbons and Office Products, Inc.),* 125 B.R. 259 (9th Cir. BAP 1991) (nondebtors and their property are not protected by the provisions of the Bankruptcy Code absent specific order of the court). Case law interpreting contempt for violations of the automatic stay provisions of § 362 is also applicable to violations of the discharge injunction. *In re Miller*, 262 B.R. at 505-06.

Accordingly, the actions of the law firm did not violate the discharge injunction. Granite Fabricators, Inc., was listed as a co-obligor on the debt that was discharged in bankruptcy, and the debtors can be required to provide information regarding the liability of Granite Fabricators, Inc. The possibility that the debtors' postpetition bank records may lead to the debtors' postpetition liability is of no consequence, so long as the law firm is not attempting to collect a discharged debt from the debtors. Even construing the facts in a light most favorable to the nonmoving party, this Court concludes that the law firm was not attempting to collect a discharged debt from the debtors.

The law firm has also requested Rule 9011 sanctions against the debtors.

11

Because the request for sanctions was contained in the motion for summary judgment, the request is denied for failure to comply with Rule 9011(c)(1). *See* Bankr. Rule 9011(c)(1) ("motion for sanctions under this rule shall be made separately from other motions or requests . . . ").  Nor is there any indication that the law firm complied with the 21-day notice requirement also contained in Rule 9011(c)(1).

*Filing of Foreign Judgment*

The parties agree that Banc of America Leasing, through the law firm, filed a foreign judgment for a discharged debt.  However, the law firm asserts that the settlement with Banc of America Leasing effectively extinguished all claims related to the filing of the foreign judgment.  Further, the debtor-husband was under the impression that all actions taken regarding the foreign judgment were dismissed upon dismissal of Banc of America. (Docket #20, Exhibit A).  The debtors have failed to refute the assertion that the claim should be dismissed as moot.  Moreover, even if this claim were not moot, the Court would hold that any damages for violation of the discharge injunction have been satisfied because the debtor-husband admitted that his actual costs and attorney's fees were paid by the settlement with Banc of America Leasing.

The Court has found nothing to indicate that the debtors have not been made

12

whole with respect to the filing of the foreign judgment. Additionally, neither party raised the issue of punitive damages during summary judgment nor provided evidence of the type of conduct that warrants punitive damages. *See e.g., In re Perviz*, 302 B.R. 357 (Bankr. N.D. Ohio 2005) (denying punitive damages for violation of discharge injunction because "punitive damages are only appropriate where there is some sort of nefarious or otherwise malevolent conduct." (citing *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986)); *see also In re Borowski*, 216 B.R. 922, 925 (Bankr. E.D. Mich. 1998) (where parties acted out of ignorance rather than clear disregard and disrespect of bankruptcy law, punitive damages are not appropriate). The Court denies any pending requests for punitive damages because the debtors have been sufficiently compensated in the amount of their actual damages.

*Unresolved Claims*

The parties did not address the debtors' claim against International Granite or International Granite's counterclaim against the debtors during summary judgment briefing. While it appears that summary judgment in favor of International Granite on the debtors' claim may be appropriate for the same reasons that summary judgment is being granted in favor of the law firm, International Granite has not moved for summary judgment. *See generally* Fed.

13

Rule Civ. P. 56(f). Therefore, the Court will conduct a status conference at 1:30 p.m. on April 12, 2011, to determine what additional steps are needed to resolve all remaining claims in this adversary proceeding.

CONCLUSION

For the reasons stated above, the motion for summary judgment of Finley & Co., LPA, Matthew Thomas, and Patrick Higgins is granted. The motion for sanctions under Rule 9011 is denied. While it appears that this decision is largely dispositive, the debtors' claim against International Granite and International Granite's counterclaim against the debtors remain unresolved. Therefore, this is not a final judgment for purposes of 28 U.S.C. § 158. *See* Bankr. Rule 7054 and Fed R. Civ. P. 54(b). The Court will conduct a status conference at 1:30 p.m. on April 12, 2011. Counsel shall be prepared to advise the Court as to what additional steps are needed to resolve all remaining claims in this adversary proceeding.

IT IS SO ORDERED.